## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GABIN TONFACK,** | : |
| **Plaintiff** | : |
| | :     **CIVIL ACTION NO. 3:13-2996** |
| **v.** | : |
| |     **(Judge Mannion)** |
| **ERIC H. HOLDER, et al.,** | : |
| **Defendants** | : |

## <u>MEMORANDUM</u>

Plaintiff, Gabin Tonfack, a immigration detainee currently detained by the Immigrations and Customs Enforcement (ICE) in the York County Prison, York, Pennsylvania, filed the instant petition for writ of mandamus pursuant to 28 U.S.C. §1361 against Defendants, Eric H. Holder, Jr., Attorney General; Janet Napolitano, Secretary of the U.S. Department of Homeland Security; John T. Morton, Director of Immigrations and Customs Enforcement; and Thomas R. Decker, Field Office Director of Immigration and Customs Enforcement. Plaintiff requests this Court compel Defendants to: 1) produce him before the Cameroon consulate in Texas for an interview; 2) issue a decision regarding his allegations of assault against ICE officials; 3) conduct an investigation into the authenticity of his Cameroon travel documents; 4) declare the Cameroon travel documents unlawful; and 5) stay his removal

proceedings during the pendency of this mandamus complaint. (Doc. 1 at 13).

Presently before the Court is Defendants' motion to dismiss and motion for summary judgment. (Doc. 6). The motion has been fully briefed and is ripe for disposition. For the reasons that follow, Defendant's motion to dismiss and for summary judgment will be granted.

## II.   **Standards of Review**

### A.  **Motion to Dismiss**

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

## B. **Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, parties may not rely on unsubstantiated

4

allegations. Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); see Celotex, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U .S. at 323; see Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. Fed.R.Civ.P. 56(e).

### III.  **Statement of Facts**

From the pleadings, declarations and exhibits submitted therewith, the following facts can be ascertained as undisputed.

Tonfack, a native and citizen of Ivory Coast and Cameroon, entered into ICE custody from Moshannon Valley Correctional Center, following the criminal prosecution and completion of his sentence for Access Violation Fraud. (See Doc. 8-1 at 3, Declaration of Paul A. McBride). He has been detained at York County Prison since his entry into ICE custody. Id.

Following his removal hearing, Tonfack was ordered removed, but was granted withholding of removal to the Ivory Coast, where he had allegedly been living prior to entering the United States to attend school in 2006. Id. This order was final on April 16, 2013, after he waived his right to appeal. (Doc. 1 at 21, Order of Immigration Judge). Prior to this order, Tonfack's student status was terminated because he failed to attend his designated University. (See Doc. 8-1 at 3, Declaration of Paul A. McBride). In addition, his attempt to obtain lawful permanent resident status through marriage was denied after his spouse withdrew her visa petition for him. Id.

Following the final order of removal, the Office of Enforcement and Removal ("ERO") began working with the Cameroonian consulate located in

Houston[1] in order to obtain a travel document in order to effectuate Tonfack's removal. Id. Written material was mailed to the consulate establishing his Cameroonian citizenship by virtue of the birth of both parents in Cameroon. Id.; (Doc. 8-1 at 6, Birth Certificate). The Cameroonian consulate did not require an interview with Tonfack, as the documentary material submitted was sufficient to establish his citizenship. Id.

On, or about May 13, 2013, ERO received a travel document for Tonfack. (See Doc. 8-1 at 3, Declaration of Paul A. McBride). It was noticed that the travel document did not contain Tonfack's correct date of birth and the consulate reissued the travel document which was received by ERO on May 23, 2013. Id. The travel document provided for Tonfack from the consulate contains all the requisite signatures and seals. Id. It is nearly a mirror image of previously issued Cameroonian travel documents for other Cameroonian citizens. Id. ICE has no reason to believe that it is anything

---

[1]The York, Pennsylvania ERO office frequently deals with the Cameroonian consulate. Id. ERO Philadelphia has utilized the Cameroonian consulate in Houston in the past and has established a good working relationship with the Cameroonian officials in that office. Id. Although, the Cameroonian embassy in Washington, D.C. also has the capacity to issue travel documents, that office is very hard to contact and is unresponsive to requests from ERO. Id.

other than genuine. Id. In addition, the Immigration Judge contacted the Department of State and explained that Tonfack disputed the authenticity of his travel documents. (See Doc. 8-1 at 9, Immigration Judge Inquiry & Response dated September 12, 2013). The Immigration Judge requested the Department of State to verify the legitimacy of the travel document with Cameroon officials. Id. In response, the Department of State forwarded to the Immigration Judge several letters between the consulate of Cameroon and the Ambassador of Cameroon as well as a report issued by the Department of State after investigation into Tonfack's travel documents. (See Doc. 8-1 at 13-15). The Department of State investigation revealed that Tonfack's travel documents were legitimate. (See Doc. 8-1 at 14-15).

On June 18, 2013, the Immigration Judge ordered Tonfack's removal stayed pending an investigation into his claim that he is likely to be tortured should he be removed to Cameroon. (Doc. 8-1 at 18, Immigration Judge Order).

On July 5, 2013, Tonfack reported that three ICE officers assaulted him at the airport after he, admittedly, verbally and physically resisted to board a plane during his attempted removal from the United States. (See Doc. 8-1 at 16-17, Management Referral Memorandum). An investigation was completed

8

into Tonfack's accusations. Id. ICE determined that Tonfack's allegations were not supported by available evidence and no disciplinary action would be taken. Id.

On April 25, 2014, the United States Court of Appeals denied Tonfack's motion for stay of removal, stating that Tonfack failed to meet his burden of showing that he is likely to succeed on the merits of his appeal. (Doc. 20-1 at 5, Order). On May 2, 2014, the Court of Appeals denied Tonfack's motion for reconsideration of the Court's April 25, 2014 Order denying his motion to stay removal. (Doc. 20-1 at 6, Order).

On May 14, 2014, the Cameroon Consul "retracted" Tonfack's travel documents, stating that he is actually not a citizen of Cameroon and that the "Cameroon Ambassador in The Ivory Coast attests to this fact." (Doc. 20-1 at 3, Letter from Consul of the Republic of Cameroon). As such, "Gabin Tonfack therefore is to return to The Ivory Coast." Id.


## IV.  Discussion

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed

to the plaintiff." 28 U.S.C. §1361. Mandamus relief under Section 1361 is an extraordinary remedy, which should be utilized only to compel the performance of a clear non-discretionary duty, after plaintiff has exhausted all other avenues of relief. Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); Heckler v. Ringer, 466 U.S. 602, 616 (1984). The party seeking mandamus relief has the burden of showing that the right to issuance of the writ is clear and indisputable. Will v. United States, 389 U.S. 90, 96 (1967). The plaintiff must allege that the defendant owes the plaintiff a legal duty consisting of a specific, plain ministerial act. Harmon Cove Condo. Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987). This legal duty must not involve an exercise of judgment or discretion by the defendant, as "[a]n act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." Id.

Plaintiff requests the Court compel Defendants to: 1) produce him before the Cameroon consulate in Houston, Texas for an interview; 2) issue a decision regarding his allegations of assault against ICE officials; 3) conduct an investigation into the authenticity of his Cameroon travel documents; 4) declare the Cameroon travel documents unlawful; and 5) stay his removal proceedings during the pendency of this mandamus complaint. (Doc. 1 at 13).

With respect to Tonfack's request for an interview with the Cameroon consulate, investigation into the authenticity of Tonfack's Cameroon travel documents, and declaration that such documents are unlawful, the Cameroon Consulate's May 14, 2014, letter clarifying Tonfack's status as a citizen of The Ivory Coast, and not Cameroon, moots Tonfack's requested mandamus relief because it "retracted" Petitioner's travel documents for Cameroon, thereby invalidating them, and precluding any necessity for an interview with the Cameroon consulate.

As to Tonfack's request for a stay of his removal proceedings during the pendency of this mandamus proceeding, the Third Circuit has already denied Tonfack's motion for stay of removal on April 25, 2014. Moreover, pursuant to "Section 106 of the REAL ID Act of 2005 amended section 242(a) of the INA to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the applicable court of appeals.  H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231." (Doc. 9, p. 2). Consequently this Court lacks jurisdiction to grant Tonfack's request for a stay of removal proceedings. Moreover, the Court takes judicial notice that on June 5, 2014, an Immigration Judge granted Tonfack's motion to withdraw his motion to re-open the proceedings. See Tonfack v. Sabol, Civ.

11

No. 3:14-0979,  (Doc. 8 at 9, Order). Thus, any request for a stay of removal proceedings was rendered moot when Tonfack's removal proceedings were closed.

Finally, Tonfack seeks an order directing Defendants to rule on his complaint about physical abuse by ICE officials. Tonfack's request, however, is moot, as ICE has investigated Tonfack's complaint and determined that Tonfack's allegations were not supported by available evidence and no disciplinary action would be taken. (See Doc. 8-1 at 16-17, Management Referral Memorandum). To the extent that Tonfack now seeks to challenge the accuracy of such findings, (see  (Doc. 20, brief in opposition), such challenge is more appropriately addressed to ICE.  An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 9, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2996-01.wpd