# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABIN TONFACK, | : |
| Plaintiff | : |
| | : CIVIL ACTION NO. 3:13-2996 |
| v. | : |
| | : (Judge Mannion) |
| ERIC H. HOLDER, et al., | : |
| Defendants | : |

## MEMORANDUM[1]

## I. Background

Petitioner, Gabin Tonfack, a detainee of the Immigration and Customs Enforcement Agency, ("ICE"), formerly confined in the York County Prison, York, Pennsylvania[2], filed the above captioned petition for writ of mandamus pursuant to 28 U.S.C. §1361 against Defendants, Eric H. Holder, Jr., Attorney General; Janet Napolitano, Secretary of the U.S. Department of Homeland Security; John T. Morton, Director of Immigrations and Customs Enforcement; and Thomas R. Decker, Field Office Director of Immigration and Customs Enforcement. Plaintiff

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2]On October 21, 2014, Petitioner was removed from the United States to Cameroon.

requests this Court compel Defendants to: 1) produce him before the Cameroon consulate in Texas for an interview; 2) issue a decision regarding his allegations of assault against ICE officials; 3) conduct an investigation into the authenticity of his Cameroon travel documents; 4) declare the Cameroon travel documents unlawful; and 5) stay his removal proceedings during the pendency of this mandamus complaint. (Doc. 1 at 13). Petitioner filed the above captioned, counseled, petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241.

By Memorandum and Order dated September 9, 2014, the Court granted Defendants' motion to dismiss and for summary judgment, and closed the case. (Docs. 25, 26). Presently before the Court is Petitioner's motion for reconsideration of this Court's September 9, 2014 Memorandum and Order. (Doc. 27). For the reasons set forth below, Petitioner's motion for reconsideration will be denied.

## II. Discussion

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert.

denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts

have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of the Court's September 9, 2014, Memorandum and Order reveals that the Court found the following:

> With respect to Tonfack's request for an interview with the Cameroon consulate, investigation into the authenticity of Tonfack's Cameroon travel documents, and declaration that such documents are unlawful, the Cameroon Consulate's May 14, 2014, letter clarifying Tonfack's status as a citizen of The Ivory Coast, and not Cameroon, moots Tonfack's requested mandamus relief because it "retracted" Petitioner's travel documents for Cameroon, thereby invalidating them, and precluding any necessity for an interview with the Cameroon consulate.
>
> As to Tonfack's request for a stay of his removal proceedings during the pendency of this mandamus proceeding, the Third Circuit has already denied Tonfack's motion for stay of removal on April 25, 2014. Moreover, pursuant to "Section 106 of the REAL ID Act of 2005 amended section 242(a) of the INA to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the applicable court of appeals. H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231." (Doc. 9, p. 2). Consequently this Court lacks jurisdiction to grant Tonfack's request for a stay of removal proceedings. Moreover, the Court takes judicial notice that on June 5, 2014, an Immigration Judge granted Tonfack's motion to withdraw his motion to re-open the proceedings. See Tonfack v. Sabol, Civ. No. 3:14-0979, (Doc. 8 at 9, Order). Thus, any request for a stay of removal proceedings was rendered moot when Tonfack's removal proceedings were closed.
>
> Finally, Tonfack seeks an order directing Defendants to rule on his complaint about physical abuse by ICE officials. Tonfack's request,

however, is moot, as ICE has investigated Tonfack's complaint and determined that Tonfack's allegations were not supported by available evidence and no disciplinary action would be taken. (See Doc. 8-1 at 16-17, Management Referral Memorandum). To the extent that Tonfack now seeks to challenge the accuracy of such findings, (see (Doc. 20, brief in opposition), such challenge is more appropriately addressed to ICE.

In support of his motion for reconsideration, Tonfack alleges that his request for an interview with the Cameroon consulate was not rendered moot because "Defendants maintain their position that Tonfack is a citizen of Cameroon; and also that the travel documents are valid." (Doc. 27, Motion. For Reconsideration at 2). Tonfack claims that support for his argument can be found in the response filed in Tonfack v. Sabol, Civ. No. 14-0979, one of Tonfack's subsequent habeas corpus actions. Id. Tonfack also argues that this Court's order contained an error of fact because one portion of the order declared Tonfack "a native and citizen of the Ivory Coast and Cameroon" and another portion of the order stated he was not a citizen because his Cameroonian travel documents had been invalidated. (Doc. 27, Motion. For Reconsideration at 2-3). The Court finds no merit to Tonfack's arguments.

Initially, the Court finds that Tonfack's first claim that a genuine issue of material fact exists because Defendants maintain that he is a citizen of Cameroon in a response filed in another civil action in this Court so that his

status as a citizen and the validity of his travel documents are still in question; and thus, his request for an interview is not moot, is not based upon an intervening change in the controlling law. Nor is the argument based on evidence not previously available, and it is not relative to a clear error of law. In Civil No. 14-0979, the government's response, filed on June 12, 2014, states that Tonfack was a citizen of Cameroon by virtue of birth. See Tonfack v. Sabol, Civ. No. 14-0979 (Doc. 8, Response). However, the fact that Tonfack was born in Cameroon is not in contention. Moreover, this information is not newly discovered and Tonfack had more than three months prior to the Court's September 9, 2014 decision in this matter to introduce such information, if he thought it was relevant to the instant action.

To the extent that Tonfack relies on the response filed in Civil No. 14-0979, to argue that Defendants maintain their position that Tonfack's travel documents are valid, in that response and in the attachment to Tonfack's motion (See Doc. 27 at 7), it clearly explains that Tonfack's removal proceedings have been reopened, re-litigated, re-decided, and that as of June 2014, ICE was free to attempt to remove Tonfack to Cameroon or any other country that would accept him aside from the Ivory Coast where he was granted withholding of removal. Id. Thus, the issue of Tonfack's travel documents remains moot until such time as

travel documents are reissued.

Tonfack also argues that the Court should reconsider its Order due to an error of fact. Specifically, he states that one portion of the order declared Tonfack "a native and citizen of the Ivory Coast and Cameroon" and another portion of the order stated he was not a citizen because his Cameroonian travel documents had been invalidated. (Doc. 27, Motion For Reconsideration at 2-3.). The Court finds Tonfack to be mistaken, in that the Order stated that Tonfack's travel documents to Cameroon were invalidated – not that Tonfack was not a citizen of Cameroon. Such assertion, however, has no relevance to Tonfack's Cameroonian citizenship claims, and Plaintiff presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Accordingly, this Court finds that its Order of September 9, 2014, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 8, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2996-02.wpd